# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:13-cr-00149-KJD-CWH |
| Respondent/Plaintiff, | |
| v. | **ORDER** |
| THOMAS LEWIS, | |
| Petitioner/Defendant. | |

Presently before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Criminal Convictions and Sentence Pursuant to 28 U.S.C. § 2255 (##165, 166). The Government filed a response (#170) to which Petitioner replied (#171).

I. Background

On March 27, 2014, Petitioner pled guilty to one count of conspiracy to commit armed bank robbery under 18 U.S.C. § 2113(a) and (d), one count of armed bank robbery under 18 U.S.C. § 2113(a) an (d), and one count of use of a weapon in furtherance of a crime of violence under 18 U.S.C. § 924(c). On July 15, 2014, Petitioner received a sentence of 57 months in relation to his conspiracy to commit armed bank robbery and armed bank robbery convictions, followed by an additional 84 months to run consecutively for his 924(c) conviction. Petitioner had a total offense level of 21 and a criminal history category of IV. Without the 924(c) enhancement, Petitioner would not have received the 84-month consecutive sentence.

Petitioner now seeks relief from his 924(c) enhancement, arguing he is no longer eligible for it based on a new, substantive rule retroactively applicable to cases on collateral review.

II. Analysis

A federal prisoner may move to "vacate, set aside or correct" his sentence if it "was imposed in violation of the Constitution." 28 U.S.C. § 2255(a). When a petitioner seeks relief pursuant to a right recognized by a United States Supreme Court decision, a one-year statute of limitations for seeking habeas relief runs from "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). The petitioner bears the burden of demonstrating that his petition is timely and that he is entitled to relief.

  A. *Johnson v. United States* Invalidates 18 U.S.C. § 924(c)(3)(B)

As an initial matter, this Court finds that Johnson, in light of Dimaya, holds 924(c)'s residual clause unconstitutional. On June 26, 2015, the United States Supreme Court decided Johnson v. United States, finding the residual clause of the Armed Career Criminal Act ("ACCA") violates the Constitution's guarantee of due process. See Johnson v. U.S., 135 S. Ct. 2551, 2557 (2015). On April 18, 2016, the Supreme Court held Johnson announced a new, substantive rule that has retroactive effect on cases on collateral review. See Welch v. U.S., 136 S. Ct. 1257, 1268 (2016). On June 22, 2016, within the one-year statute of limitations, Petitioner filed the present motion based on the new, retroactively applicable rule announced in Johnson.

On April 17, 2018, the United States Supreme Court decided Sessions v. Dimaya, No. 15–1498, slip op. (Apr. 17, 2018), finding the residual clause of 18 U.S.C. § 16(b) to be unconstitutionally vague. The Supreme Court did so by expanding the logic of Johnson, stating § 16's residual clause violates the Constitution's guarantee of due process in the same way the ACCA's residual clause did. Dimaya, No. 151498, slip op., at 8–9. Based on the Court's

willingness to expand the reach of Johnson to § 16(b) because it too shares the same fatal features the ACCA's residual clause possesses, it follows that Johnson must logically apply to 924(c), to invalidate its identical residual clause.

*B. Johnson Does Not Entitle Petitioner to Relief*

While Johnson invalidates § 924(c)(3)(B), Petitioner's challenge to his conviction and sentence under 18 U.S.C. § 924(c) still fails because armed bank robbery[1] is a qualifying crime of violence under the constitutional 924(c)(3)(A) force clause. After Petitioner filed his present motion, the Ninth Circuit decided United States v. Watson, 881 F.3d 782 (9th Cir. 2018), which foreclosed all Johnson challenges regarding armed bank robbery under § 924(c). In Watson, the court was faced with the question of "whether armed bank robbery under federal law is a crime of violence under 18 U.S.C. § 924(c)." Watson, 881 F.3d at 783–84. In response to this question, the Ninth Circuit straightforwardly stated, "We hold that it is." Id.

The Ninth Circuit elaborated, stating, "[B]ank robbery qualifies as a crime of violence because even its least violent form 'requires at least an implicit threat to use the type of violent physical force necessary to meet the Johnson standard.'" Id. at 785 (quoting U.S. v. Gutierrez, 876 F.3d 1254,1257 (9th Cir. 2017)). "Because bank robbery 'by force and violence, or by intimidation' is a crime of violence, so too is armed bank robbery. A conviction for armed bank robbery requires proof of all the elements of unarmed bank robbery." Id. at 786 (quoting U.S. v.

---

[1] Defendant asserts his § 924(c) conviction was predicated on his conspiracy offense. See (#166, at 3); (#173, at 5). In the original indictment, there were only two counts: Count One being armed bank robbery, and Count Two being use of weapon in furtherance of a crime of violence (#3). The Superseding Indictment reflects the additional count of conspiracy to commit armed bank robbery, which resulted in a renumbering of the original two counts—conspiracy being Count One, armed bank robbery now being Count Two, and use of weapon in furtherance of a crime of violence being Count Three. That the text of Count Three in the Superseding Indictment was not revised to reflect armed bank robbery's new Count number does not render the statute of conviction ambiguous. There was never any suggestion that the predicate for the § 924(c) count was conspiracy, nor was there any confusion that the § 924(c) predicate was the substantive armed bank robbery.

3

Coleman, 208 F.3d 786, 793 (9th Cir. 2000)). Thus, armed bank robbery is definitively a crime of violence under 18 U.S.C. § 924(c), and Petitioner's challenge to his corresponding conviction and imposed sentence fails.

*C. Certificate of Appealability*

In order for Petitioner to assert a right to appeal this final order, he must first warrant a certificate of appealability. 28 U.S.C. § 2253(b), (c)(1). To do so, Petitioner must make "a substantial showing of the denial of a constitutional right," and "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

Petitioner has not demonstrated a substantial showing of the denial of a constitutional right, and reasonable jurists would not debate that Petitioner's motion lacks merit. With regard to Defendant's challenge to his conviction and sentence under 18 U.S.C. § 924(c), Watson is binding precedent on this Court, and directly rejects Defendant's argument. Further, as the Ninth Circuit noted in Watson, "in so holding, [it] joined every other circuit to address the same question." Id. at 785. Thus, this Court denies Petitioner a certificate of appealability.

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Criminal Convictions and Sentence Pursuant to 28 U.S.C. § 2255 (##165, 166) is **DENIED**.

Dated this 26th day of June, 2018.

_____
Kent J. Dawson
United States District Judge