**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| DERRICK YOUNG,<br>      *Applicant*,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br>      *Respondent.* | No. 20-71740 |
| THOMAS LEWIS,<br>      *Applicant*,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br>      *Respondent.* | No. 20-71741<br><br>OPINION |

Application to File Second or Successive Motion
Under 28 U.S.C. § 2255

Argued and Submitted October 20, 2021
San Francisco, California

Filed January 18, 2022

Before:  Bridget S. Bade and Patrick J. Bumatay, Circuit Judges, and Richard M. Berman, District Judge.[*]

Opinion by Judge Berman

**SUMMARY**[**]

**Second or Successive 28 U.S.C. § 2255 Motions**

The panel denied Thomas Lewis's and Derrick Young's consolidated applications for permission to file second or successive 28 U.S.C. § 2255 motions in which they sought principally to be allowed to present their claim that armed bank robbery is not a predicate crime of violence under 18 U.S.C. § 924(c) in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that the "residual clause" definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague.

Lewis and Young pleaded guilty to, among other offenses, use of a weapon in furtherance of a crime of violence in violation of § 924(c).

Rejecting Lewis and Young's argument that there is ambiguity over whether the § 924(c) predicate is conspiracy to commit armed bank robbery or armed bank robbery, the

---

[*] The Honorable Richard M. Berman, United States District Judge for the Southern District of New York, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

panel wrote that the record is clear that armed bank robbery is the predicate crime of violence.

The panel rejected Lewis and Young's contention that armed bank robbery under 18 U.S.C. § 2113 does not qualify as a crime of violence post-*Davis*. Citing *United States v. Watson*, 881 F.3d 782 (9th Cir. 2018) (per curiam), and *United States v. Burke*, 943 F.3d 1236, the panel wrote that armed bank robbery remains, post-*Davis*, a crime of violence under 18 U.S.C. § 924(c)(3)(A)'s elements clause.

Lewis and Young contended that the superseding indictment's Count Two offense is *aiding and abetting* armed bank robbery, and that aiding and abetting armed bank robbery under 18 U.S.C. § 2 does not qualify as a crime of violence under § 924(c) post-*Davis*. The panel disagreed. The panel wrote, first, that there is ample evidence in the record establishing that Lewis and Young were charged and convicted of armed bank robbery as both principals and as aiders and abettors. The panel wrote, second, that there is no distinction between aiding-and-abetting liability and liability as a principal under federal law. The panel held that because armed bank robbery is categorically a crime of violence, a person who aids or abets armed bank robbery falls, like a principal, within the scope of the definition of the underlying offense and is deemed to have committed a crime of violence under § 924(c)'s elements clause. In reaching this conclusion, the panel joined sister circuits that have held, before and after *Davis*, that aiding and abetting a crime of violence, such as armed bank robbery, is also a crime of violence.

The panel considered whether Lewis and Young's claim "relies on" the rule articulated in *Davis*. Assuming without deciding that Lewis and Young did not waive the argument

that the "relies on" requirement in 28 U.S.C. § 2244(b)(2)(A) applies only to petitions brought under 28 U.S.C. § 2254 by persons in state custody, the panel held that a second or successive § 2255 motion must rely on a new rule of constitutional law. The panel also held that Lewis and Young cannot, as a matter of law, establish the "relies on" requirement. The panel explained that because Lewis and Young's claim that armed bank robbery is not a crime of violence post-*Davis* is foreclosed by Ninth Circuit precedent, and because they were convicted of crimes that categorically qualify as predicate crime of violence under § 924(c)'s elements clause, the rule in *Davis* is inapposite.

## COUNSEL

Cristen C. Thayer, Assistant Federal Public Defender; Rene L. Valladares, Federal Public Defender; Office of the Federal Public Defender, Las Vegas, Nevada; for Applicants.

Elizabeth O. White, Appellate Chief; Nicholas A. Trutanich, United States Attorney; United States Attorney's Office, Reno, Nevada; for Respondent.

# **OPINION**

BERMAN, District Judge:

Derrick Young pleaded guilty, pursuant to a plea agreement, to armed bank robbery in violation of 18 U.S.C. § 2113, and use of a weapon in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). Young's co-defendant, Thomas Lewis, pleaded guilty to conspiracy to commit armed bank robbery in violation of 18 U.S.C. §§ 371, 2113; armed bank robbery in violation of 18 U.S.C. § 2113; and use of a weapon in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). Both men received prison sentences of over 100 months.

Lewis and Young have filed eight challenges to their convictions and sentences (four challenges each), in the form of habeas petitions, applications for certificates of appealability, motions for reconsideration, and petitions for writ of certiorari in the U.S. Supreme Court. All their challenges have been unsuccessful.[1]

On June 19, 2020, Lewis and Young filed applications seeking permission to file second or successive motions under 28 U.S.C. § 2255.[2] They seek principally to be allowed to present their claim that armed bank robbery is not

---

[1] *See United States v. Lewis*, 13-cr-00149 (D. Nev. June 26, 2018); *United States v. Lewis*, 18-16412 (9th Cir. Dec. 20, 2018); *United States v. Lewis*, 18-16412 (9th Cir. Feb. 27, 2019); *Lewis v. United States*, No. 19-5401 (S. Ct. Oct. 7, 2019); *United States v. Young*, 13-cr-00149 (D. Nev. July 25, 2018); *United States v. Young*, 18-16602 (9th Cir. Dec. 20, 2018); *United States v. Young*, 18-16602 (9th Cir. Feb. 27, 2019); *Young v. United States*, No. 19-5401 (S. Ct. Oct. 7, 2019).

[2] Lewis's and Young's applications have been consolidated.

a predicate crime of violence in light of the decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that the "residual clause" definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. *See Davis*, 139 S. Ct. at 2324, 2336.

For the reasons set forth below, we find that both Lewis and Young were convicted of armed bank robbery, that armed bank robbery is a crime of violence under the still-valid "elements clause" of 18 U.S.C. § 924(c)(3)(A), and that aiding and abetting a crime of violence is also a crime of violence. Relatedly, we find that Lewis and Young have not met the requirements for filing a second or successive motion under 28 U.S.C. § 2255 because, under Ninth Circuit precedent, their claim does not "rely on" a new rule of constitutional law.

## I. Factual and Procedural Background

### A

In 2013, a grand jury returned an indictment charging Lewis and Young (along with a third co-defendant) with the following offenses: **(1)** "*COUNT ONE* (Armed Bank Robbery)"; and **(2)** "*COUNT TWO* (Use of a Weapon in Furtherance of a Crime of Violence) . . . that is, Armed Bank Robbery as Charged in Count One." The grand jury later returned a superseding indictment adding a count of "Conspiracy to Commit Armed Bank Robbery," which was designated as Count One in the superseding indictment. The counts for armed bank robbery and use of a weapon in furtherance of a crime of violence became Count Two and Count Three, respectively.

The superseding indictment reads as follows: **(1)** "*COUNT ONE* (Conspiracy to Commit Armed Bank

Robbery)"; **(2)** "*COUNT TWO* (Armed Bank Robbery)"; and **(3)** "*COUNT THREE* (Use of a Weapon in Furtherance of a Crime of Violence) . . . that is, Armed Bank Robbery as Charged in Count One [sic]." Through inadvertence, the wording of Count Three was not revised to reflect that the armed bank robbery count had become Count Two.

Count Two of the superseding indictment charges that Lewis, Young, and their co-defendant, "aiding and abetting one another, by force, violence and intimidation," stole over sixteen thousand dollars from a Bank of America in Las Vegas, Nevada, while brandishing handguns, "in violation of Title 18, United States Code, Sections 2113(a), 2113(d) and 2." Section 2113 is the federal bank robbery statute. Section 2 refers to the federal aiding-and-abetting statute, which makes an aider and abettor derivatively a principal. "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." 18 U.S.C. § 2(a).

Young entered into a plea agreement and at the plea allocution testified that with respect to Count Two, "[he] took money belonging to the Bank of America; . . . [he] use[d] [] force, violence, [] or intimidation in doing so; [and] . . . [he] intentionally made a display of force that reasonably caused the victim or victims . . . to fear bodily harm." With respect to Count Three, Young admitted that "[he] committed the crime of Armed Bank Robbery as charged in Count Two of the Indictment [and] . . . [he] knowingly brandished a handgun during and in [] relation to the crime of Armed Bank Robbery charged in Count Two." In his plea agreement, Young admitted and declared under penalty of perjury that the facts underlying Counts Two and Three were true, including that he "brandished [a] semi-automatic pistol[]," jumped over the bank's counter "while making oral

demands for money," and took "cash and two electronic tracking devices."

Lewis pleaded guilty on what was to be his second day of trial, without entering into a plea agreement. At the plea allocution, Lewis engaged in a lengthy colloquy with the district judge, repeatedly acknowledging that he understood the nature of the charges against him and the effect of the guilty plea and admitted to the factual basis for his guilt. He testified, among other things, that on the day of the robbery he "went into the Bank of America armed, demandin[g] money." He stated that he displayed his firearm to people inside the bank in a threatening manner "to obtain their cooperation." He testified that he was with Young in the bank when Young took the money and that he assisted Young in taking the money, confirming that he was "aiding and abetting" Young and used "violence or intimidation in doing so." Finally, he admitted that he committed the crime of armed bank robbery as a predicate offense for the § 924(c) violation, and that he "knowingly brandish[ed] the handgun during and in relationship to the robbery."

Lewis's and Young's respective judgments set forth their convictions of "Armed Bank Robbery and Aiding and Abetting."

**B**

In 2016, Lewis and Young filed their first motions pursuant to 28 U.S.C. § 2255. They challenged their § 924(c) weapons convictions based upon the decision in *Johnson v. United States*, 576 U.S. 591 (2015), arguing, among other things, that the superseding indictment was ambiguous about whether the predicate offense for the § 924(c) charge was conspiracy to commit armed bank

YOUNG V. UNITED STATES 9

robbery or armed bank robbery, and that conspiracy is not a valid § 924(c) predicate.

The district court denied the motions. The district court explained there was no actual "confusion" about which offense was charged as the § 924(c) predicate crime of violence, concluding that the failure of the superseding indictment to reflect the revised count numbers did "not render the statute of conviction ambiguous" because there "was never any suggestion" that conspiracy was the predicate offense and it was clear that substantive armed bank robbery was the predicate.

The district court also held that Lewis's and Young's first habeas challenges were "foreclosed" by *United States v. Watson*, 881 F.3d 782 (9th Cir. 2018) (per curiam), *cert. denied*, 139 S. Ct. 203 (2018), which established that "armed bank robbery under federal law is a crime of violence under [the elements clause of] 18 U.S.C. § 924(c)." Lewis and Young later petitioned this court for certificates of appealability, which were denied.[3] Lewis and Young then filed a petition for writ of certiorari to the Supreme Court, which was denied.

## II. Legal Standard

We evaluate Lewis's and Young's consolidated applications to file second or successive § 2255 motions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, permitting a prisoner "to file a second or successive federal habeas corpus petition is not the general rule, it is the exception, and an exception that

---

[3] Lewis's and Young's motions for reconsideration of this ruling were also denied.

may be invoked only when the demanding standard set by Congress is met." *Garcia v. United States*, 923 F.3d 1242, 1243–44 (9th Cir. 2019) (citation omitted). "Before a second or successive application may be filed in the district court, the court of appeals must certify that it relies on '[1] a new rule, [2] of constitutional law, [3] made retroactive to cases on collateral review by the Supreme Court, [4] that was previously unavailable.'" *Id.* at 1244 (alterations in original) (quoting 28 U.S.C. § 2255(h)(2)).

### III. Analysis

Before turning to the question of whether Lewis and Young's claim "relies on" a new rule of constitutional law established in *Davis*, we address the issues of whether there was any ambiguity in the superseding indictment, whether armed bank robbery is a crime of violence, and the meaning of aiding and abetting.

### A

Lewis and Young argue, as they did in their first § 2255 motions, that because of Count Three's mis-reference to Count One there is "ambiguity over whether the § 924(c) predicate is conspiracy to commit armed bank robbery or armed bank robbery." We disagree. As the government argues, the district court "squarely found" that Lewis's and Young's § 924(c) convictions were predicated on armed bank robbery and not on conspiracy. Thus, the district court rejected this argument in deciding Lewis's and Young's first § 2255 motions, concluding armed bank robbery clearly was the predicate offense for the § 924(c) convictions.

We too reject this argument because the record is clear that armed bank robbery is the predicate crime of violence for Lewis's and Young's § 924(c) convictions. Count Three

of the superseding indictment clearly states that Lewis and Young "brandish[ed] firearms, that is, two semi-automatic handguns during and in relation to a crime of violence . . . that is, Armed Bank Robbery." And, as recounted above, the district judge stated several times during Lewis's plea allocution that armed bank robbery was the predicate offense. The same is true for Young's plea allocution. When the district judge asked how Young pleaded to the § 924(c) count, he informed Young that the predicate "Crime of Violence" was "Armed Bank Robbery." Young replied that he was "[g]uilty" of this charge.

Thus, we reject Lewis and Young's misnumbering/ambiguity argument as belied by the record.[4]

---

[4] We note, without deciding, that this claim may be subject to dismissal under 28 U.S.C. § 2244(b)(1), which states that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Whether dismissal under these circumstances is appropriate under § 2255 is the subject of some disagreement among our sister circuits. *Compare In re Baptiste*, 828 F.3d 1337, 1340 (11th Cir. 2016) ("[W]e hold that § 2244(b)(1)'s mandate applies to applications for leave to file a second or successive § 2255 motion presenting the same claims we have already rejected . . . in a previous application."), *Gallagher v. United States*, 711 F.3d 315, 315 (2d Cir. 2013) (per curiam) ("We must dismiss a claim that was presented in a prior motion under § 2255." (citing § 2244(b)(1))), *and Taylor v. Gilkey*, 314 F.3d 832, 836 (7th Cir. 2002) ("A claim presented in a second or successive habeas corpus application under section [2255] that was presented in a prior application shall be dismissed." (alterations in original) (quoting § 2244(b)(1))), *with Williams v. United States*, 927 F.3d 427, 436 (6th Cir. 2019) ("We . . . hold that § 2244(b)(1) does not apply to federal prisoners . . . seeking relief under § 2255."). We do not reach this issue here.

12          YOUNG V. UNITED STATES

**B**

Lewis and Young also contend that "armed bank robbery . . . . does not qualify as a crime of violence post-*Davis*." But as our decision in *United States v. Watson* makes clear, this argument is simply wrong. In *Watson*, we held that "armed bank robbery is a crime of violence under the [elements] clause" of § 924(c)(3)(A), which is still valid after *Davis*. *See* 881 F.3d at 784; *see also United States v. Burke*, 943 F.3d 1236, 1238 (9th Cir. 2019) ("Although the Supreme Court recently declared the residual clause unconstitutionally vague [in *Davis*], that is of no consequence to this appeal because [the crime at issue] is a crime of violence under the elements clause."). "There is simply no room to find [armed bank] robbery . . . is anything but a crime of violence under § 924(c)(3)(A)'s elements clause following . . . *Watson*'s binding precedent." *Burke*, 943 F.3d at 1239.

**C**

Lewis and Young also contend that "the Count Two offense is *aiding and abetting* armed bank robbery," and that "[a]iding and abetting armed bank robbery under 18 U.S.C. § 2 does not qualify as a crime of violence under § 924(c) post-*Davis*." We disagree.

First, there is ample evidence in the record establishing that Lewis and Young were charged and convicted of armed bank robbery as both principals and as aiders and abettors. The superseding indictment charged that Lewis and Young were "aiding and abetting one another," and that "by force, violence, and intimidation, did take [over sixteen thousand dollars] from the person and presence of the victim tellers at Bank of America, . . . and in committing such offense, did assault and put in jeopardy the life of another person by the

Case 2:13-cr-00149-KJD-CWH Document 203 Filed 01/28/22 Page 13 of 19
Case: 20-17494, 01/20/2022, ID: 12342303, DktEntry: 22, Page 13 of 19

YOUNG V. UNITED STATES 13

use of dangerous weapons . . . in violation of . . . Sections 2113(a), 2113(d), and 2 [*i.e.*, the aiding-and-abetting statute]." Lewis's and Young's plea colloquies also reflect their roles as principals and as aiders and abettors, as does Young's plea agreement, which states that during the robbery Young "jumped the counter while making oral demands for money," took cash from the teller drawers, and then "vaulted back over the counter and . . . ran out of the bank." Their respective Judgments of Conviction state that they were convicted of both "Armed Bank Robbery and Aiding and Abetting [pursuant to] 18 U.S.C. § 2113(a)(d) and 2."

Second, there is no distinction between aiding-and-abetting liability and liability as a principal under federal law. "Aiding and abetting is not a separate offense; it is simply one means of committing the underlying crime." *Ortega-Lopez v. Barr*, 978 F.3d 680, 687 n.9 (9th Cir. 2020) (citation and internal quotation marks omitted); *see also* 18 U.S.C. § 2(a); *United States v. Garcia*, 400 F.3d 816, 820 (9th Cir. 2005). Thus, to the extent Lewis and Young have been found guilty of armed bank robbery under an aiding-and-abetting theory, they are treated as if they committed the offense as principals. *See United States v. Henry*, 984 F.3d 1343, 1356 (9th Cir.), *cert. denied*, 142 S. Ct. 376 (2021) ("Defendants found guilty of armed bank robbery under . . . [an] aiding-and-abetting theory are treated as if they committed the offense as principals."); *see also Ortiz-Magana v. Mukasey*, 542 F.3d 653, 659 (9th Cir. 2008) (stating that "aiding and abetting an [offense] is the functional equivalent of personally committing that offense"); *United States v. Jones*, 678 F.2d 102, 104 (9th Cir. 1982) (holding that "any person who aids or abets" a violation of § 2113 "is punishable as a principal"); *United States v. Sannicandro*, 434 F.2d 321, 324 (9th Cir. 1970)

("This circuit is committed to the view that whoever aids or abets the commission of an offense against the United States is punishable as a principal."). As principals and as aiders and abettors, they have committed a crime of violence. *See Ortiz-Magana*, 542 F.3d at 659 (in assessing whether an offense "falls within the scope of a crime of violence[,] . . . there is no material distinction between an aider and abettor and principals").

We therefore hold that, because armed bank robbery is categorically a crime of violence, a person who aids or abets armed bank robbery falls, like a principal, within the scope of the definition of the underlying offense and is deemed to have committed a crime of violence under § 924(c)'s elements clause. *See Ortega-Lopez*, 978 F.3d at 687 n.9.

In reaching this conclusion, we join our sister circuits that have held, before and after *Davis*, that aiding and abetting a crime of violence, such as armed bank robbery, is also a crime of violence. *See, e.g.*, *United States v. Waite*, 12 F.4th 204, 212, 219 (2d Cir. 2021) (holding that "even after *Davis*[,] . . . aiding and abetting Hobbs Act robbery categorically qualif[ies] as [a] crime[] of violence"); *United States v. Caldwell*, 7 F.4th 191, 212–13 (4th Cir. 2021) (holding that "aiding and abetting a crime of violence is also categorically a crime of violence" and therefore a "conviction for aiding and abetting § 2113 bank robbery can still serve as a predicate for [a] § 924(c) conviction, even after *Davis*" (citation omitted)); *United States v. Richardson*, 948 F.3d 733, 742 (6th Cir.), *cert. denied*, 141 S. Ct. 344 (2020) (holding that aiding and abetting Hobbs Act robbery is a crime of violence under § 924(c)(3)(A)); *United States v. Garcia-Ortiz*, 904 F.3d 102, 109 (1st Cir. 2018) (rejecting argument that "a conviction for aiding and abetting a Hobbs Act robbery cannot categorically constitute a 'crime of

violence' under section 924's [elements] clause" because an aider and abettor is "'punishable as a principal,' and thus no different for purposes of the categorical approach than one who commits the substantive offense" (citation omitted)); *United States v. Deiter*, 890 F.3d 1203, 1214–16 (10th Cir. 2018) (holding that aiding and abetting armed bank robbery is a crime of violence under the categorical approach); *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016) (same).

**D**

Finally, we consider whether Lewis and Young's claim "relies on" the rule articulated in *Davis*. "Before a second or successive application may be filed in the district court, the court of appeals must certify that it *relies on* '[1] a new rule, [2] of constitutional law, [3] made retroactive to cases on collateral review by the Supreme Court, [4] that was previously unavailable.'" *Garcia*, 923 F.3d at 1244 (alterations in original) (emphasis added) (quoting 28 U.S.C. § 2255(h)(2)). In this case, the parties do not dispute these requirements. Instead, they dispute whether Lewis and Young's claim "relies on" the rule articulated in *Davis*.

Lewis and Young also argue for the first time in their reply briefs that "Section 2255(h)(2) does *not* have a 'relies on' requirement," despite taking the opposite position earlier in their opening briefs. They contend that "§ 2244(b)(2)(A)'s 'relies on' requirement . . . . only applies to petitions brought under § 2254 by [persons] in state custody."

Assuming without deciding that Lewis and Young have not waived this argument, we reject it.[5] Whether a claim "relies on" a new constitutional rule is a "gatekeeping requirement." *United States v. Dade*, 6 F.4th 1013, 1018 (9th Cir. 2021). "If the record and legal background support that the district court did not rely on [§ 924(c)'s] residual clause when categorizing an offense as a crime of violence, then a movant's claim does not 'rely on' the new constitutional rule announced." *Id.* at 1018–19; *see also Garcia*, 923 F.3d at 1244 ("Before a second or successive application may be filed in the district court, the court of appeals must certify that it *relies on* 'a new rule, of constitutional law . . . .'" (alterations and citation omitted) (emphasis added)); *Orona v. United States*, 826 F.3d 1196, 1198 (9th Cir. 2016) (per curiam) (noting that the petitioner had made the requisite "prima facie showing that the claim he asserts in his proposed § 2255 motion relies on a new rule of constitutional law" (citation and internal quotation marks omitted)); *United States v. Washington*, 653 F.3d 1057, 1065 (9th Cir. 2011) (declining to certify § 2255(h) petition because, in part, "Washington [did] not purport to rely on a new rule of constitutional law" (citation and internal quotation marks omitted)); *United States v. Buenrostro*, 638 F.3d 720, 721 (9th Cir. 2011) ("The plain text of the Anti-Terrorism and Effective Death Penalty Act of 1996 ('AEDPA') precludes [petitioner] from filing a 'second or

---

[5] Even if Lewis and Young waived this argument, we may exercise our discretion to address it because the government argued the issue at length in its answering brief and our review does not prejudice the government. *See United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992) (noting that "[w]e have discretion to review an issue not raised by [an] appellant . . . when it is raised in the appellee's brief" and also "may review an issue if the failure to raise the issue properly did not prejudice the defense of the opposing party" (first alteration and ellipses in original) (citation omitted)).

successive' § 2255 motion unless he can show . . . that he relies on a new rule of constitutional law . . . ."); *United States v. Lopez*, 577 F.3d 1053, 1068 (9th Cir. 2009) (rejecting § 2255(h) petition in part because the petitioner's claim "obviously [did] not rely on a new rule of constitutional law").

Lewis and Young cannot, as a matter of law, establish the "relies on" requirement. Their claim that "armed bank robbery is not a crime of violence post-*Davis*" is foreclosed by Ninth Circuit precedent, notably *United States v. Watson*, where we held that "armed bank robbery is a crime of violence under the force [elements] clause [of § 924(c)(3)(A)]." 881 F.3d at 784. Similarly, in *United States v. Burke*, we held that "[*Davis*] is of no consequence to this appeal because . . . . bank robbery under 18 U.S.C. § 2113(a) . . . [i]s a crime of violence under § 924(c)(3)(A)'s elements clause." 943 F.3d at 1238–39. Lewis and Young were convicted of crimes that categorically qualify as predicate crimes of violence under § 924(c)'s elements clause. As a result, the rule in *Davis* is inapposite to their convictions, and their claim does not rely on it. *See Dade*, 6 F.4th at 1021 (holding that because the petitioner's conviction did not rest on § 924(c)'s residual clause, his second or successive § 2255 motion did "not meet the gatekeeping requirement" of reliance on a new rule of constitutional law).[6]

---

[6] Our rule that a second or successive § 2255 motion must rely on a new rule of constitutional law accords with other circuits. *See United States v. Peppers*, 899 F.3d 211, 222 n.4 (3d Cir. 2018) ("Section 2255(h)(2) does not include the word 'relies' at all. . . . But that language does appear in § 2244(b)(2)(A), and there is no principled reason for treating the term differently between the two provisions of AEDPA when both provisions are nearly identically worded and serve the same

Lewis and Young's claim is squarely foreclosed by Ninth Circuit precedent and we cannot certify that their claim "relies on" a new rule of constitutional law.

---

gatekeeping function . . . ."); *Donnell v. United States*, 826 F.3d 1014, 1016 (8th Cir. 2016) ("Section 2255(h)(2) says that a second or successive motion must be certified 'to contain' a new rule of constitutional law that has been made retroactive by the Supreme Court. 'To contain' means 'to consist of wholly or in part,' to 'comprise,' or to 'include.' *Webster's Third New International Dictionary* 491 (2002). Mere citation of a new rule in a successive motion is not sufficient to justify certification. . . . The new rule must have a nexus to the right asserted in the motion. . . . Section 2244(b)(2)(A) requires certification that a claim 'relies on' a new rule, and it makes sense to interpret § 2255(h)(2) similarly despite a modest difference in wording."); *In re Encinias*, 821 F.3d 1224, 1225 n.2 (10th Cir. 2016) (per curiam) ("Section 2255(h)(2) states that the claim for which authorization is sought must 'contain' the new rule of constitutional law. We have taken this to mean the claim must be 'based upon' or 'rely on' the new rule cited by the movant." (alterations and citation omitted)); *Evans-Garcia v. United States*, 744 F.3d 235, 240 (1st Cir. 2014) ("[A] circuit court should deny [§ 2255(h)] certification where it is clear as a matter of law, and without the need to consider contested evidence, that the petitioner's identified constitutional rule does not apply to the petitioner's situation. To grant certification in such circumstances would be to send the district court on a fool's errand."); *In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005) (per curiam) ("The standards for a successive § 2254 petition and a successive § 2255 motion based on a new constitutional rule are identical: the claims must rely on a new rule of constitutional law . . . ." (citation and internal quotation marks omitted)); *see also In re Rosado*, 7 F.4th 152, 159 (3d Cir. 2021) ("[T]o rely on a rule, the prisoner must ground his argument within the rule's limits. He may not read it so broadly that he 'contradict[s] binding precedents' or seeks a 'facially implausible' extension of it." (second alteration in original) (citation omitted)).

Case 2:13-cr-00149-KJD-CWH Document 203 Filed 01/28/22 Page 19 of 19
Case: 20-71494, 01/28/2022, ID: 12342303, DktEntry: 22, Page 19 of 19

YOUNG V. UNITED STATES 19

## IV. Conclusion

For the foregoing reasons, Lewis's and Young's consolidated applications to file a second or successive motion under 28 U.S.C. § 2255 are **DENIED.**